UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREN LEE SMITH, | NO. C21-5151RSL |
| Plaintiff, | |
| v. | ORDER DISMISSING CLAIMS, GRANTING LEAVE TO AMEND, AND DENYING APPOINTMENT OF COUNSEL |
| CAPITAL ONE FINANCIAL CORPORATION, | |
| Defendant. | |

This matter comes before the Court on plaintiff's application for court-appointed counsel (Dkt. # 15), defendant's motion to dismiss for failure to state a claim (Dkt. # 18), and plaintiff's motion to amend the complaint (Dkt. # 21). Because the merits of plaintiff's claim are relevant to all three motions, the motions have been considered together.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is

ORDER DISMISSING CLAIMS, GRANTING
LEAVE TO AMEND, AND DENYING
APPOINTMENT OF COUNSEL - 1

generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

As defendant points out in its motion to dismiss, the complaint is devoid of factual allegations that could give rise to a plausible inference that plaintiff is entitled to relief from defendant. At most, plaintiff has alleged that he disputed items reported to one or more credit reporting agencies and that his credit score decreased in the fall of 2020. What wrongful conduct defendant is supposed to have engaged in is not stated. Without knowing of what defendant is accused, it is impossible to determine whether plaintiff has a viable claim of relief. Plaintiff apparently concedes that the allegations of the complaint are inadequate, instead relying on documents submitted for filing on May 28, 2021, months after the complaint was accepted.

ORDER DISMISSING CLAIMS, GRANTING
LEAVE TO AMEND, AND DENYING
APPOINTMENT OF COUNSEL - 2

As currently set forth in the operative pleading, plaintiff's allegations do not provide defendant fair notice of what it is supposed to have done or raise a plausible inference of liability. The documents submitted in May 2021 suggest that plaintiff is in possession of additional, unplead facts regarding defendant's conduct. Plaintiff will, therefore, be given an opportunity to amend his complaint to include those allegations, including any details regarding the charges and payments that might support a claim of false reporting, his efforts to correct the alleged errors, and any damages he may have suffered..

For all of the foregoing reasons, defendant's motion to dismiss (Dkt. # 18) and plaintiff's motion for leave to amend (Dkt. # 21) are GRANTED. Plaintiff may, within thirty days of the date of this Order, file an amended complaint that addresses the deficiencies identified above. The key to an acceptable amended complaint will be providing enough facts that defendant has sufficient notice of the nature of the claim to mount a defense and from which one could plausibly infer that plaintiff has right to relief against defendant. An amended complaint is a stand-alone document and will replace the existing complaint in its entirety. Failure to timely file an amended complaint will result in dismissal of this action.

With regards to plaintiff's request for appointment of counsel:

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court

must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In addition, the party seeking appointment of counsel must show indigency.

The Court is currently unable to ascertain the likelihood of success on the merits because the existing complaint fails to specify what defendant did wrong. Plaintiff's objections to his credit card statements and the subsequent reports to the credit reporting agency are not particularly complex and, more importantly, the facts necessary to set forth a viable claim would be, if they exist, known to plaintiff. Plaintiff has not shown the sort of exceptional circumstances that justify appointment of counsel at the public's expense. Dkt. # 15 is, therefore, DENIED

Dated this 19th day of July, 2021.

Robert S. Lasnik
United States District Judge

ORDER DISMISSING CLAIMS, GRANTING
LEAVE TO AMEND, AND DENYING
APPOINTMENT OF COUNSEL - 4