UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARREN LEE SMITH,

            Plaintiff,

        v.

CAPITAL ONE FINANCIAL
CORPORATION,

            Defendant.

NO. C21-5151RSL

ORDER OF DISMISSAL

On July 19, 2021, the Court dismissed plaintiff's original complaint because, although it alleged a dispute with one or more credit reporting agencies and a decrease of plaintiff's credit score in the fall of 2020, it was devoid of factual allegations regarding what defendant did that was wrongful and failed to give rise to a plausible inference that plaintiff is entitled to relief. Plaintiff was give leave to amend the complaint, which he did. This matter is again before the Court on defendant's motion to dismiss the amended complaint (Dkt. # 26). In response to that motion, plaintiff has filed oppositions (Dkt. # 27, 30, and 32), an application for appointment of counsel (Dkt. # 28 and 29), addenda to the amended complaint (Dkt. # 29, 30, 33, and 38), a motion for extension of time (Dkt. # 31), a motion to strike the motion to dismiss (Dkt. # 34), and two copies of a sur-reply (Dkt. # 37 and 39).

In the amended complaint, plaintiff alleges that defendant violated the Fair Credit

ORDER OF DISMISSAL - 1

Reporting Act ("FCRA"), 15 U.S.C. §§ 1681n and o, by engaging in "[f]alse reporting, credit damage, negligent FCRA violations, . . . willful negligence, [and] erroneous credit reporting to credit bureau" which caused "actual damages, pain[] and suffering, mental and emotional anguish, [and] emotional distress." Dkt. # 25 at 3-4. The claims are based on the following allegations of fact:

> (1) On December 28, 2020, Capital One sent comments or remarks to Equifax and TransUnion which resulted in a significant drop in plaintiff's credit score and the denial of credit;[1]

> (2) A Capital One employee yelled at and threatened plaintiff.

> (3) Capital One has made communications very difficult, both on the phone and in writing.

Dkt. # 25 at 5. Plaintiff attempted to resolve the dispute regarding the 2020 transactions with Capital One and subsequently filed complaints with the Consumer Financial Protection Bureau ("CFPB"), the Federal Trade Commission ("FTC"), the Attorney General, and Experian. Dkt. # 25 at 6; Dkt. # 30 at 1. He reports that both the CFPB and the Attorney General's office were critical of Capital One's responses and offered assistance in pursing this legal action. Dkt. # 29 at 1. Experian allegedly "confirmed that Capital One has committed FCRA violations." Dkt.

---

[1] In a different section of the amended complaint, plaintiff alleges that:

One November 20th 2020, Capital One reported an on time payment of $1.00 as a debt to Experian, my credit score decreased as a result by -21 points. October 27th 2020 I made a purchase & Payment after my due date. Capital One reported it as a debt to Experian and as a result my credit score decreased by -25 points.

Dkt. # 25 at 6. *See also* Dkt. # 33 at 1. Plaintiff alleges that these reports were "erroneous" and "false." Dkt. # 33 at 3.

ORDER OF DISMISSAL - 2

# 33 at 1. Plaintiff seeks unspecified compensatory damages and a punitive award of $1.8 million. Dkt. # 33 at 2-3.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010).

In its motion, Capital One argues that the amended pleading fails to provide information

ORDER OF DISMISSAL - 3

regarding "the charges and payments that might support a claim of false reporting, [plaintiff's] efforts to correct the alleged errors, and any damages he may have suffered" as required in the Court's prior order. Dkt. # 24 at 3. When all of plaintiff's submissions (including those which were filed in response to the motion to dismiss) are taken into consideration, however, plaintiff identifies the transactions reported to the credit reporting agencies, the dates on which the reports were made, that the reports were erroneous and false, the efforts he made to resolve the dispute (including filing a dispute with Experian), and the resulting damages.

Capital One also argues, as it did in its first motion to dismiss, that the FCRA does not provide a private right of action against a company that furnishes incorrect information to a consumer reporting agency. Dkt. # 26 at 6-7. To the contrary, the FCRA authorizes a private right of action for willful or negligent noncompliance with its requirements. 15 U.S.C. §§ 1681n and o. Furnishers of information have duties imposed by § 1681s-2, including to avoid reporting known errors, to provide notice of a dispute when reporting negative information, and to investigate when a consumer reporting agency notifies it of a dispute. *See, e.g., Kianpour v. Wells Fargo Bank, N.A.*, No. 17-CV-1757SJOGJSX, 2017 WL 8292776, at *5 (C.D. Cal. July 17, 2017). Sections 1681n and o do not apply, however, to violations of § 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c)(1); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Thus, the only viable claim that could be asserted here is that Capital One failed to investigate after receiving notice of a dispute from the credit reporting agency. *See Vasquez-Garcia v. Trans Union de Puerto Rico*, 222 F. Supp.2d 150, 157 (D.P.R. 2002) (Congress has expressly provided consumers with private cause of action for willful or negligent violation of § 1681s-2(b)).

Construing plaintiff's allegations and his supplemental submissions liberally, he seems to

ORDER OF DISMISSAL - 4

be alleging a violation of section 1681s-2(b). He has not, however, provided sufficient factual

allegations to raise the claim for relief above a speculative level. As Capital One points out in its

reply, even if plaintiff's submissions (including those filed long after the complaint was

amended) are read together, they fail to plausibly allege that Capital One's reports to the credit

reporting agencies were, in fact, inaccurate (*see Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d

876, 890 (9th Cir. 2010)) or that Capital One failed to conduct a reasonable investigation when

notified of the dispute (*Iyigun v. Cavalry Portfolio Servs., LLC*, 2013 WL 950947, at *1 (C.D.

Cal. Mar. 12, 2013)). Absent such allegations, the amended complaint fails under *Twombly*, even

when read with plaintiff's supplemental submissions.

     For all of the foregoing reasons, defendant's motion to dismiss the amended complaint

(Dkt. # 26) is GRANTED. Plaintiff's post-amendment submissions and his sur-reply have been

considered, but they do not change the fact that plaintiff has failed to state a plausible claim for

relief under 15 U.S.C. §§ 1681n or o. Nor do they suggest that there are any other facts that

could be pled that would save plaintiff's claims. Leave to amend for a second time will not,

therefore, be granted. Plaintiff's motion to strike the motion to dismiss (Dkt. # 34), his

application for appointment of counsel (Dkt. # 28 and 29), and the motion for an extension of

time (Dkt. # 31) are DENIED. The Clerk of Court is directed to enter judgment without

prejudice in favor of defendant and against plaintiff.

     Dated this 13th day of October, 2021.

Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 5